**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JONJUALEANER BRADBERRY,**
**o/b/o J.E.J. (a minor),**

                **Plaintiff,**

      **v.**                              **Civil Action 2:20-cv-4504**
                                           **Chief Judge Algenon L. Marbley**
                                         **Magistrate Judge Jolson**

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Undersigned on the Commissioner's unopposed Motion to Dismiss, (Doc. 6), which the Undersigned has converted to a Motion for Summary Judgment. For the following reasons, it is **RECOMMENDED** that the Commissioner's Motion be **GRANTED** and that this case be **DISMISSED with prejudice**.

**I.      BACKGROUND**

Plaintiff Jonjualeaner Bradberry seeks judicial review of the final decision of the Commissioner of Social Security that claimant child J.E.J was not disabled, and therefore not entitled to Supplemental Security Income ("SSI"). (Doc. 4). On June 15, 2018, Plaintiff protectively applied for SSI on behalf of claimant child under the Social Security Act ("Act"). (*See* Doc. 6-1 at 8). On August 28, 2019, an Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for benefits. (*Id*. at 3). Plaintiff then requested review of the ALJ's decision. (*Id*.). Thereafter, on April 24, 2020, the Appeals Council issued a notice denying Plaintiff's request for review of the ALJ's decision. (*Id*.). The notice informed Plaintiff of his right to appeal by filing a civil action in district court within 60 days. (*Id*.). More specifically, the notice stated:

**Time to File a Civil Action**

• You have 60 days to file a civil action (ask for court review).

• The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

• If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(*Id*. at 24–25).

The Appeals Council mailed the denial notice to Plaintiff and sent a copy to his non-attorney representative. (Doc. 6 at 2). As of October 16, 2020, the Social Security Administration was not aware of any request for an extension of time to file a civil action in this case as specified in the Appeals Council's notice, and in 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210. (Doc. 6-1 at 3).

Plaintiff has not alleged in his Complaint or otherwise informed the Court that he requested additional time from the Appeals Council or that he received the Notice more than five days after April 24, 2020. Consequently, the Commissioner moves to dismiss Plaintiff's Complaint as time-barred. (Doc. 6). The Commissioner served the Motion on Plaintiff at the address Plaintiff provided in his Complaint (*id*. at 9), but Plaintiff did not respond. On November 13, 2020, the Undersigned converted Defendant's Motion to Dismiss to a Motion for Summary Judgment and gave Plaintiff additional time to respond to the Commissioner's Motion. (Doc. 7). Again, Plaintiff did not respond.

2

## II.    DISCUSSION

The Commissioner argues that Plaintiff missed his deadline to bring this case, and, consequently, this case should be dismissed. (*See generally* Doc. 6). The Motion presents a single dispositive issue: Whether Plaintiff's Complaint is time-barred.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides the exclusive method of obtaining review of a final decision of the Agency. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided . . . ."). The first sentence of 42 U.S.C. § 405(g) provides the time limit for commencing a civil action. It states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The Supreme Court has noted that the 60-day statute of limitations provided by Congress serves to "move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).

Further, the Sixth Circuit has made clear that strict adherence to this filing requirement is necessary to ensure the efficient disposition of Social Security appeals. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007). Indeed, in *Cook*, the Sixth Circuit held that a one-day delay was fatal to the plaintiff's claim. "Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." *Id.*; *see also Marthey v. Comm'r of Soc. Sec.*, No. 12-CV-2759, 2013 WL 5563724 (N.D. Ohio Oct. 8, 2013) (dismissing

3

social security complaint that was one day late); *Winkelman v. Comm'r of Soc. Sec. Admin. A*, No. 11-CV-1926, 2012 WL 1684602 (N.D. Ohio April 24, 2012) (same).

Here, Plaintiff missed his deadline by 64 days. "Although § 405(g) uses the word 'mailing,' the regulations clarify that the 60-day period begins five days after the date of the denial notice." *Cook*, 480 F.3d at 436. Put a simpler way, a claimant has 65 days to appeal. Applied here, Plaintiff needed to file his case by June 28, 2020, because the Notice was dated April 24, 2020. Plaintiff filed his case on August 31, 2020, 64 days too late. (*See generally* Docs. 1, 4).

Finally, there are no facts before the Court demonstrating that Plaintiff had good cause for missing his deadline. *See* 20 C.F.R. §§ 404.911(b), 416.1411(b). Indeed, Plaintiff has made no effort to explain his delay to this Court, despite multiple opportunities to do so. (*See, e.g.*, Doc. 7). Accordingly, "there is no genuine dispute as to any material fact and the [Commissioner] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.    CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the **Commissioner's unopposed** Motion (Doc. 6) be **GRANTED** and that the case be **DISMISSED with prejudice**.

## IV.    PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit

4

this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

IT IS SO ORDERED.


Date: December 15, 2020        s/ Kimberly A. Jolson
                                                  KIMBERLY A. JOLSON
                                                  UNITED STATES MAGISTRATE JUDGE